# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FLORIDA GRANDE MOTOR | ) | |
| COACH RESORT, INC., | ) | CASE NO: 8:07-bk-004022-CPM |
| | ) | |
| DEBTOR | ) | |

## SALE PROCEDURES ORDER

This matter is before the Court on the Motion (the "Sale Motion")[1] of Florida Grande Motor Coach Resort, Inc. (the "Reorganized Debtor") for entry of an order (A) approving the Sale Procedures, (B) setting a Bid Deadline and scheduling an Auction, (C) scheduling the Sale Hearing, and (D) approving the form of Sale Notice. Upon review and consideration of (i) the Motion, (ii) the arguments of counsel and evidence proffered or adduced at the hearing thereon (the "Sale Procedures Hearing"), and (iii) the docket and proceedings in the above-captioned case (the "Chapter 11 Case"); and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estate, creditors, and other parties in interest, it is

HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Sale Motion is approved, subject to the terms of this Order.

2. All objections to the relief requested in the Sale Motion that have not been withdrawn, waived or settled as announced to the Court at the Sale Procedures Hearing or by stipulation filed with the Court, are overruled except as provided in Paragraphs 9, 10 and 11 below.

---

[1] Capitalized terms used herein but not defined herein shall have the meaning set forth in the Sale Motion.

3. The Sale Procedures, substantially in the form attached hereto as <u>Exhibit A</u>, are approved. The Reorganized Debtor and William Maloney, acting on behalf of the Reorganized Debtor, are authorized to take any and all actions necessary and/or appropriate to implement the Sale Procedures.

4. As provided in the Sale Procedures, the Court shall conduct the Auction on December 14, 2010 at 11:00 a.m., prevailing Eastern time, in Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

5. The form of Sale Notice attached here to as <u>Exhibit B</u> is hereby approved as sufficient.

6. Within three (3) business days after entry of this Order, the Reorganized Debtor shall send copies of this Order and the Sale Notice to the Notice Parties. The cost of copying and mailing of such notices, not to exceed $5,000.00 (the "Noticing Costs"), shall be advanced by Madison Investment Trust – Series 86 ("Madison") and added to Madison's secured claim but the Noticing Costs portion of Madison's secured claim shall not accrue interest. The amount advanced by Madison for the Noticing Costs shall be repaid at closing from the $75,000 surcharge.

7. The Court shall conduct the Sale Hearing on December 14, 2010, Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602 at 1:30 p.m., prevailing Eastern time. The Reorganized Debtor shall seek entry of an order at the Sale Hearing approving and authorizing the proposed Sale to the High Bidder. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

8. Objections to the relief requested in the Sale Motion, other than the relief granted herein, must: (i) be in writing and filed on the docket in this Chapter 11 Case; (ii) comply with the Bankruptcy Rules; and (iii) be served upon Roberta A. Colton, Trenam Kemker, 101 E. Kennedy Boulevard, Suite 2700, Tampa, Florida 33602 (Counsel for Reorganized Debtor), Ronald B. Cohn, Arnstein & Lehr LLP, Two Harbour Place, 302 Knights Run Avenue, Suite 1100, Tampa, Florida 33602-5962 (Counsel for Madison), Harley E. Riedel, Stichter, Riedel, Blain & Prosser, P.A., 110 Madison Street - Suite 200, Tampa, Florida 33602 (Counsel for Essinar), and Roger G. Jones, Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203 (Counsel for Stalking Horse) so as to be received on or before 4:00 p.m., prevailing Eastern time, on December 10, 2010.

9. Debtor is hereby authorized to retain the services of a marketing professional (the "Marketing Professional"), including, without limitation, EP USA, LLC, D/B/A Equity Partners, Inc., to market the Auction under the following terms:

 a. All marketing efforts by the Marketing Professional shall be conducted in a manner consistent with the Court's establishment of December 10, 2010 as the Bid Deadline for the sale;

 b. The Marketing Professional shall be entitled to a cost deposit not to exceed $20,000.00 (the "Cost Deposit"), which shall be paid by the Debtor from the proceeds of an advance by Essinar Properties, Inc. ("Essinar"). The amount advanced by Essinar for the Cost Deposit shall be added to Essinar's secured claim but shall not accrue interest. The amount advanced by Essinar for the Cost Deposit shall be repaid at closing from the purchase price and shall reduce the $75,000 surcharge by the amount advanced.

c. The Marketing Professional shall be entitled to a flat fee of $25,000.00, which amount shall be deemed earned and payable only if the Marketing Professional's efforts produce a Qualified Bid (as defined in the Sales Procedures attached hereto) in excess of the aggregate of the following (the "<u>Minimum Compensable Bid</u>"): (i) Essinar's secured claim, (ii) Madison's secured claim, (iii) the Cost Deposit, (iv) the $25,000.00 flat fee, and (v) the $10,000.00 minimum overbid amount;

d. The Marketing Professional shall also be entitled to additional percentage-based compensation for any High Bid in an amount greater than the Minimum Compensable Bid that actually closes in such percentage amounts as may be negotiated with the Debtor, within reasonable and customary limits.

10. Paragraph 4.1(j) of the Stalking Horse APA shall not be construed to prejudice or impair the rights of any holder of any mortgage or encumbrance applicable to the Front 40 (as defined in the Stalking Horse APA) in any way. The U.S. Trustee's request that any unpaid quarterly fees be paid out of the sales proceeds shall be reserved without prejudice to the U.S. Trustee raising the same following completion of the Sale. Further, the Court finds that §506(c) of the U.S. Bankruptcy Code does not apply to the $75,000.00 amount contemplated in the Bid Procedures.

11. Madison may, but shall not be obligated to, make advances for property and casualty insurance, reasonable expenses for advertising and marketing lots and lot sales, and reasonable expenses for preservation and maintenance of the Assets and reasonable fees and expenses incurred in implementing the terms of this Order prior to closing. All such reasonable expenses shall be added to Madison's secured claim.

12. The Reorganized Debtor, and Maloney acting on behalf of the Reorganized Debtor, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Sale Motion, as modified herein. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable.

13. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 11 Case, the terms of this Order shall govern.

14. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Stalking Horse APA and this Order. To the extent any provisions of this Order shall be inconsistent with the Sale Motion, the terms of this Order shall control.

DONE AND ORDERED, November 15, 2010.

*Catherine M. Ewen*

Hon. Catherine Peek McEwen
U.S. Bankruptcy Judge

Prepared by:

/s/_____
Roberta A. Colton
Attorney at Law
Trenam Kemker
101 E. Kennedy Boulevard
Suite 2700
Tampa, Florida 33602
Phone: 813.223.7474
Fax: 813.254.5324
RAColton@trenam.com

*Attorneys for the Reorganized Debtor*

# EXHIBIT A

## SALE PROCEDURES

Set forth below is the general process to be employed by the Reorganized Debtor with respect to the proposed sale (a "Sale") of all or substantially all of the Reorganized Debtor's assets (the "Assets"), pursuant to the asset purchase agreement (the "Stalking Horse APA") dated as of October __ 2010, by and between the Reorganized Debtor and Madison Florida Grande, LLC (the "Stalking Horse") or pursuant to a Qualified Bidder Purchase Agreement (as defined below), in accordance with the Sale Motion, as modified by the Sale Order.

**A.     The Sale Process**

1.     Only Qualified Bids (as defined below) shall be considered by the Reorganized Debtor. If the Reorganized Debtor does not receive a Qualified Bid other than the Stalking Horse APA prior to the Bid Deadline (as defined below), then the Stalking Horse's offer to acquire the Assets under the Stalking Horse APA shall constitute the highest or otherwise best Qualified Bid (the "High Bid").

2.     If the Reorganized Debtor receives a Qualified Bid other than the Stalking Horse APA prior to the Bid Deadline, then the Reorganized Debtor shall select a Qualified Bid as the High Bid after the Reorganized Debtor has conducted the Auction (as defined below) and considered, among other things, the total net consideration to be received by its estate as well as other financial and contractual terms relevant to the proposed Sale, including those factors affecting the speed and certainty of consummating the proposed Sale. The bidder that submits the High Bid shall be the "High Bidder."

3. If any High Bidder fails to consummate the Sale, and such failure is the result of a breach by the High Bidder, except to the extent provided in such bidders' marked agreement (or the Stalking Horse APA), the Reorganized Debtor specifically reserves the right to seek all available damages from such person including, but not limited to, the Good Faith Deposit (as defined below). Upon failure to consummate the proposed Sale because of a breach on the part of the High Bidder after an order entered at the Sale Hearing (defined below), the Reorganized Debtor shall be permitted to select the next highest or otherwise best bid to be the High Bid and to consummate such transaction without further order of the Bankruptcy Court.

4. The Good Faith Deposits (as defined below) of the High Bidder (as defined below) and the second highest bidder at the Auction (the "Second Highest Bidder") shall be retained by the Reorganized Debtor and held in escrow in an interest bearing account and all Qualified Bids will remain open, notwithstanding Bankruptcy Court approval of a Sale pursuant to the terms of a High Bid by a Qualified Bidder, until the earlier of (1) the closing of the Sale of the Assets, (2) the date that is thirty (30) days after entry of a Sale Order approving a Sale to the High Bidder, or (3) the date that is thirty-five (35) days after the Auction (the "Return Date"). On the Return Date, if the Reorganized Debtor has not completed a Sale to the High Bidder or Second Highest Bidder, so long as the failure to consummate a sale to the Second Highest Bidder is not the result of a breach by the Second Highest Bidder, the Reorganized Debtor shall return the Good Faith Deposit of the Second Highest Bidder, with accrued interest. The Reorganized Debtor shall return the Good Faith Deposits of all bidders other than the High Bidder and the Second Highest Bidder within five (5) business days after the Auction.

5. By submitting a Bid, each Bidder (including the Stalking Horse) shall be deemed to acknowledge: (i) that it is bound by these Sale Procedures; (ii) that it had an opportunity to inspect and examine the Assets and all other pertinent information with respect to the Assets before submitting such Bid and that each such Bid is based solely on that review and upon each Bidder's own investigation and inspection; (iii) that is has consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and the construction and enforcement of any transaction documents relating to the Bidder's Bid; and (iv) in making its Bid, such Bidder is not relying upon any written or oral statements, representations or warranties of the Reorganized Debtor, or their agents or representatives.

### B. Participation Requirements

6. Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the sale process, each person (a "Potential Bidder") must deliver to the Reorganized Debtor: (i) an executed confidentiality agreement in form and substance reasonably satisfactory to the Reorganized Debtor; and (ii) written evidence of the Potential Bidder's financial ability to consummate the Sale reasonably acceptable to the Reorganized Debtor.

7. A "Qualified Bidder" is (i) the Stalking Horse, and, if applicable, (ii) a Potential Bidder that delivers the documents described in Section 6 above and that the Reorganized Debtor determines is reasonably likely (based on the availability of financing, experience and other considerations) to submit a bona fide offer and to be able to consummate the Sale if selected as the High Bidder.

8. A "Qualified Bid" is (1) the Stalking Horse's offer to acquire the Assets pursuant to the Stalking Horse APA, and, if applicable, (2) another Qualified Bidder's offer to acquire the Assets if such offer was received prior to the Bid Deadline and if such offer included each of the following (collectively, a "Bid Package"): (i) an executed copy of an asset purchase agreement (including schedules and exhibits, the "Qualified Bidder Purchase Agreement"), in clean and marked versions to reflect changes to the Stalking Horse APA, for the purchase of substantially all of the Assets, "as is, where is"; (ii) a good faith cash deposit (the "Good Faith Deposit") in the amount of $244,000, to be received by the Bid Deadline in immediately available funds, with respect to a Bid in the form of a bank or certified check (or other form acceptable to the Reorganized Debtor in its sole discretion), which Good Faith Deposit shall be held in escrow or another segregated account, not subject to any security interest or lien, and utilized in accordance with these Sale Procedures; (iii) a written statement that the bid is not conditioned on obtaining financing or other financing contingencies or the outcome of any due diligence by the bidder or any other contingencies; and (iv) in case of a credit bid by the holder of an Allowed Secured Claim, either provide for cash payment of all senior Allowed Secured Claims in full or include written evidence that the Potential Bidder has reached mutually satisfactory agreements with all holders of senior Allowed Secured Claims.

9. Until 4:00 p.m., prevailing Eastern time, on December 10, 2010, the Reorganized Debtor shall afford each Qualified Bidder access to information that the Qualified Bidder may reasonably request and that is readily available to the Reorganized Debtor. At any Potential Bidder's expense, due diligence information may be delivered to such Potential Bidder by mail or other reasonable means.

10. In order to be considered, Bid Packages must be received by the Reorganized Debtor by 4:00 p.m., prevailing Eastern time, on December 10, 2010, (the "Bid Deadline"). After the Bid Deadline, the Reorganized Debtor shall determine which Qualified Bid represents the then highest or otherwise best value to the Reorganized Debtor (the "Initial Bid"). The Reorganized Debtor, upon receipt of each Bid Package, shall distribute a copy of such Bid Package by electronic mail to counsel for the Stalking Horse, counsel for Essinar and counsel for Madison. At least twenty-four (24) hours prior to the Auction, the Reorganized Debtor shall distribute copies of the Initial Bid to each Qualified Bidder.

C. **The Auction**

11. If the Reorganized Debtor receives a Qualified Bid other than that of the Stalking Horse, the Court will conduct an auction at which competitive bids can be made by Qualified Bidders in accordance with the terms of the Bidding Procedures (the "Auction"). The Auction shall occur on December 14, 2010, in Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, beginning at 11:00 a.m., prevailing Eastern time. The Auction shall be governed by the following procedures: (i) only a Qualified Bidder (and the representatives of that Qualified Bidder designated in writing by the Qualified Bidder) who has submitted a Qualified Bid (including the Stalking Horse) shall be eligible to attend and participate at the Auction; (ii) the Auction shall begin with the Initial Bid and proceed in minimum additional increments of $10,000.00; and (iii) the Auction shall continue until there is only one offer that the Reorganized Debtor determines in its reasonable discretion is the High Bid.

12. The Reorganized Debtor, in its reasonable discretion, or the Court may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not materially inconsistent with any of the provisions of the Sale Procedures Order.

13. The sale of the Assets will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Reorganized Debtor or its agents or estate, except, with respect to the Stalking Horse, to the extent set forth in the Stalking Horse APA and, with respect to a High Bidder not the Stalking Horse, to the extent set forth in the relevant purchase agreement of such bidder, as approved by the Bankruptcy Court. Maloney shall not have any personal liability for breach of any representation, warranty or covenant contained in the Stalking Horse APA or the relevant purchase agreement with respect to the Bidder.

**D.  The Sale Hearing**

14. The Sale Hearing shall take place in Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, on December 14, 2010 at 1:30 p.m. prevailing Eastern time. At such Sale Hearing, the Reorganized Debtor shall present the High Bid to the Bankruptcy Court for approval.

9269729.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FLORIDA GRANDE MOTOR | ) | |
| COACH RESORT, INC., | ) | CASE NO: 8:07-bk-004022-CPM |
| | ) | |
| DEBTOR | ) | |

## NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL THE REORGANIZED DEBTOR'S ASSETS

PLEASE TAKE NOTICE that on October 15, 2010, Florida Grande Motor Coach Resort, Inc. (the "Reorganized Debtor") filed a motion (the "Sale Motion") [Docket No. ___] seeking approval of, among other things, auction and bidding procedures (the "Sale Procedures") in connection with the sale of substantially all its assets (the "Assets") and related relief with the United States Bankruptcy Court for the Middle District of Florida (the "Court"). By order dated _____, 2010 (the "Sale Procedures Order") [Docket No. ___], the Court approved the Sale Procedures.

PLEASE TAKE FURTHER NOTICE that all interested parties are invited to make offers to purchase the Assets in accordance with the terms of the Sale Procedures Order, a copy of which is included herewith, and the Sale Procedures set forth therein. The deadline to submit bids (the "Bid Deadline") is December 10, 2010 at 4:00 p.m., prevailing Eastern Time.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Procedures Order, the Court will conduct an auction (the "Auction") for the sale of the Assets in Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, on December 14, 2010, beginning at 11:00 a.m., prevailing Eastern time, or at such other place and time as the Reorganized Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. A listing of the Assets to be sold, including reference to descriptions of the real estate to be sold, is set forth in Asset Purchase Agreement attached as Exhibit C to the Sale Motion.

PLEASE TAKE FURTHER NOTICE that at a hearing on December 14, 2010 at 1:30 p.m. prevailing Eastern Time, or such other time as the Court shall determine (the "Sale Hearing"), the Reorganized Debtor intends to seek the Bankruptcy Court's approval of the sale of the Assets to the bidder submitting the highest, best or otherwise financially superior offer at the Auction as determined by the Reorganized Debtor in its reasonable discretion (the "High Bidder"). The Court shall conduct the Sale Hearing on December 14, 2010, Courtroom 8B, Sam M. Gibbons Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602 at 1:30 p.m., prevailing Eastern Time.

7/2430088.2
108625-000028

EXHIBIT B

PLEASE TAKE FURTHER NOTICE that at the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this Chapter 11 Case. Objections, if any, to the sale of the Assets pursuant to the terms of the agreement reached between the Reorganized Debtor and the High Bidder shall: (1) be in writing; (2) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Court for the United States Bankruptcy Court for the Middle District of Florida; (3) set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Reorganized Debtor's estate or properties, the basis for the objection and the specific grounds therefor; (4) shall be filed with the Clerk of the United States Bankruptcy Court for the Middle District of Florida on or before 4:00 p.m. prevailing Eastern Time on December 10, 2010, or such later date and time as the Reorganized Debtor may agree; and (5) be served so as to be received no later than 4:00 p.m. prevailing Eastern Time on the same day upon (a) Roberta A. Colton, Trenam Kemker, 101 E. Kennedy Boulevard, Suite 2700, Tampa, Florida 33602 (Counsel for Reorganized Debtor), (b) Ronald B. Cohn, Arnstein & Lehr LLP, Two Harbour Place, 302 Knights Run Avenue, Suite 1100, Tampa, Florida 33602-5962 (Counsel for Madison), (c) Harley E. Riedel, Stichter, Riedel, Blain & Prosser, P.A., 110 Madison Street - Suite 200, Tampa, Florida 33602 (Counsel for Essinar), and (d) Roger G. Jones, Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203 (Counsel for Madison Florida Grande, LLC).

PLEASE TAKE FURTHER NOTICE that this Notice is subject to the fuller terms and conditions of the Sale Motion, the Sale Procedures Order and the Sale Procedures, which shall control in the event of any conflict, and the Reorganized Debtor encourages parties in interest to review such documents in their entirety. Copies of these pleadings may be obtained by written request to counsel to the Reorganized Debtor, Roberta A. Colton, Trenam Kemker, 101 E. Kennedy Boulevard, Suite 2700, Tampa, Florida. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, https://ecf.flmd.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court.

[SIGNATURE PAGE FOLLOWS]
Dated: September __, 2010

7/2430088.2
108625-000028